IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**NEKIA TURNER,**

    **Petitioner,**

**v.**                                                 **Civil Action No.: 3:23-CV-18**
                                                            **(GROH)**

**SFF HAZELTON,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On January 30, 2023, Petitioner, an inmate incarcerated at Secure Female Facility (SFF) Hazelton, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, regarding her conditions of confinement.  ECF No. 1.[1]  On February 6, 2023, Petitioner paid the filing fee.  ECF No. 4.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:23-CV-18, unless otherwise noted.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A.    Current Incarceration

Although Petitioner was incarcerated at SFF Hazelton at the time she filed her petition, a review of the Bureau of Prisons inmate locator page shows that Petitioner is currently incarcerated at Pekin FCI, in Pekin, Illinois. https://www.bop.gov/inmateloc/. A review of the docket further shows that Petitioner's address is still listed at SFF Hazelton, and that she has not updated her address with the Court.[2]

### B.    Instant Proceedings Under 28 U.S.C. § 2241

Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner raises a sole ground for relief, that she was imprisoned under inhumane and unlawful conditions following a water main break on or about June 23, 2020. ECF No. 1 at 5 – 6. Petitioner concedes that she did not present the facts in relation to her petition to the prison's internal grievance procedure, but asserts that she did not do so because of a fear of retaliation. Id. at 7 – 8. She contends that when she "requested this form the first time [she] was sent to the SHU under investigation for another situation and all legal forms were trashed". Id. at 8.

For relief, Petitioner asks for the Court to: (1) award her two days of credit for each of her 1,825 days of imprisonment; (2) grant here "hard time credit" for the 284 days of

---

[2] Local Rule of Prisoner Litigation Procedure 6 provides that:

All pro se prisoner litigants are responsible for promptly informing the Court of any change in their addresses, monitoring the progress of their cases and prosecuting or defending their actions diligently. Notification of a prisoner's change of address must be accomplished by filing a Notice with the Clerk of Court and serving that Notice upon all other parties within ten (10) days of the change of address. The envelope containing the Notice shall state on its face: "ATTN: CHANGE OF ADDRESS." Failure to notify the Clerk of Court of an address change will result in dismissal of the prisoner's case.

COVID lockdown in 2020; and (3) day to day credit for four to seven days of no water usage at SFF Hazelton  Id. at 8.

### III.   STANDARD OF REVIEW

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall

3

> lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.   Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### D.   Exhaustion of Administrative Remedies

The Bureau of Prisons' Program Statement (BOP PS) 1330.18 § 542.10 et seq.,[4] addresses the Bureau's Administrative Remedy Program, and directs inmates on the processes necessary to exhaust their administrative remedies by filing four mandatory[5] remedies: (1) an informal resolution (BP-8)[6]; (2) an administrative remedy at the facility

---

identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

[4] See https://www.bop.gov/policy/progstat/1330_018.pdf.

[5] Inmates who are incarcerated in Community Corrections Centers (CCCs) are not required to attempt informal resolution. BOP PS 1330.18 § 542.13.b.

[6] Many BOP institutional handbooks refer to the Informal Resolution Form as the BP-8 form. See:

1. FCI Waseca https://www.bop.gov/locations/institutions/was/was_ao_handbook_eng_031517.pdf;
2. FCI Oxford https://www.bop.gov/locations/institutions/oxf/OXF_aohandbook.pdf;
3. FPC Schuylkill https://www.bop.gov/locations/institutions/sch/SCH_camp_aohandbook.pdf;
4. USMC Springfield https://www.bop.gov/locations/institutions/spg/spg_ao_handbook050917.pdf;
5. USP Lewisburg https://www.bop.gov/locations/institutions/lew/LEW_smu_aohandbook.pdf;
6. FDC Tallahassee https://www.bop.gov/locations/institutions/tal/TAL_fdc_aohandbook.pdf;

(BP-9); (3) an appeal to the regional office (BP-10); and (4) a final appeal to the central office (BP-11). Failure to complete all four mandatory remedies is fatal to a claim based on the inmate's failure to exhaust administrative remedies.

The Fourth Circuit recognizes the process that inmates must follow to exhaust administrative remedies:

> The BOP grievance process is set forth at 28 C.F.R. § 542.13–.15 (2009). First, an inmate normally must present his complaint informally to prison staff using a BP–8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" to the prison Warden using a BP–9 form. The BP–8 and BP–9 forms are linked. Both forms involve a complaint arising out of the same incident and both must be submitted within twenty calendar days of the date of that incident. 28 C.F.R. § 542.14(a). If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional Director within twenty calendar days of the date the Warden signed the response, using a BP–10 form. 28 C.F.R. § 542.15(a). The inmate may appeal an adverse decision by the Regional Director to the Central Office of the BOP using a BP–11 form. *Id.*

Hill v. Haynes, 380 F. App'x 268, 269, n.1 (4th Cir. 2010).

### IV.    ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir.

---

7. FCI Fort Dix https://www.bop.gov/locations/institutions/ftd/FTD_aohandbook.pdf; and
8. USP/SCP McCreary https://www.bop.gov/locations/institutions/mcr/MCR_aohandbook.pdf.

5

2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice. Petitioner contends that she failed to exhaust her remedies because she feared retaliation. However, Petitioner acknowledges that when she "requested this form[7] the first time [she] was sent to the SHU under investigation for another situation and all legal forms were trashed." ECF No. 1 at 8. By her own acknowledgement, Petitioner was placed in the SHU not in retaliation for asking for a form, but as part of an investigation of another situation. Id. Moreover, there is no indication that after she claims her "legal forms" were trashed that Petitioner ever sought or was denied access to legal or administrative remedy forms, BP-8, BP-9, BP-10, BP-11 or otherwise.

Further, as noted above, subsequent to the filing of this petition Petitioner was transferred from SFF Hazelton to FCI Pekin. However, Petitioner has not submitted any additional records to demonstrate that after leaving SFF Hazelton that she took any steps to exhaust the four-tiered administrative remedy process established for exhaustion of administrative remedies.

---

[7] The Court construes Petitioner's reference to "this form" to indicate the form filed as her petition for habeas corpus under 28 U.S.C. § 2241, as ECF No. 1.

6

As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

Petitioner seeks a recalculation of her sentence, including a grant of hard time credit for her imprisonment during COVID lockdown. However, the record does not show that Petitioner ever requested a recalculation of sentence or appropriate credit as part of the Bureau of Prisons' administrative remedy system by filing a BP-8, BP-9, BP-10, or BP-11 form with the appropriate authority at SFF Hazelton, as is required by Bureau of Prisons' Program Statement (BOP PS) 1330.18 § 542.10 et seq. Accordingly, it appears that Petitioner has failed to exhaust all administrative remedies available to address her sentence calculation and appropriate credits. Although such a failure to exhaust may be excused for cause and prejudice, Petitioner has not demonstrated either cause or prejudice.

The petition does not allege that Petitioner was denied access to the forms necessary to file her administrative remedies, or that staff failed or refused to submit those forms once prepared by Petitioner, or any other basis on which she was deprived of the opportunity to submit administrative remedy forms. Petitioner alleges that she was placed in Special Housing Unit after requesting forms for filing a § 2241 habeas corpus action. However, Petitioner never asserts that she requested administrative remedy forms, or was denied those forms. Although Petitioner claims she did not administratively exhaust her claims because she feared retaliation, Petitioner does not allege that she ever attempted to obtain or file an administrative remedy by filing BP-8, BP-9, BP-10, and BP-11 administrative remedy forms which are required to exhaust pursuant to 28 C.F.R. § 542.13–.15, and BOP Program Statement 1330.18 § 542.10 et seq. Accordingly, the undersigned finds that no cause or prejudice exists to excuse Petitioner's failure to exhaust.

Because Petitioner failed to exhaust her administrative remedies prior to filing this action, it is clear that this court is without jurisdiction to consider the merits of his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.    RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

DATED:   June 23, 2023

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE